Opinion delivered June 2, 1886.

---

[No. 5041.]

## Irwin Farmer v. The State.

1. Malicious Mischief.—It is well settled law that if an animal be killed or injured by a person in the necessary protection of his property, after he has ineffectually used ordinary care to otherwise protect such property, such killing, or injury, will not be deemed either "wilful or wanton" within the meaning of the Penal Code.
2. Same—Fact Case.—The offense charged in this case was the *wilful* shooting and wounding of a horse. To authorize a conviction it was incumbent upon the State to show, not only that the defendant shot and wounded the animal, but that he did so with evil intent or legal malice, or without reasonable ground to believe his act lawful. See the opinion

and the statement of the case for evidence *held* insufficient to support the conviction, because insufficient to show that the act was wilful.

3. SAME.—CHARGE OF THE COURT defined the term "wilful" as follows: "With evil intent, legal malice," etc. *Held*, that the definition was too restricted.

4. SAME.—CHARGE OF THE COURT, on a trial for shooting and wounding a horse, which made the guilt or innocence of the accused depend upon whether or not the accused used greater force than was necessary in the protection of his property, was erroneous, because that was not an issue involved, except in so far as it might be considered by the jury in determining whether or not the force used was wilfully used.

5. SAME.—The defense requested the trial court to charge the jury, in substance, that if it reasonably appeared to the defendant that his horse was in danger of serious injury from the attack of the other one, and he inflicted the wound upon the attacking horse to protect his own horse from the threatened injury, the defendant should be acquitted. *Held*, that under the facts of this case, the special instruction embodied the law and should have been given.

APPEAL from the County Court of Hill. Tried below before the Hon. A. W. Parham, County Judge.

The conviction in this case was for wilfully shooting and wounding a horse, the property of B. F. Keltz, in Hill county, Texas, on the fifth day of January, 1885. A fine of fifty dollars was the penalty imposed by the verdict.

B. F. Keltz testified, for the State, that the defendant was a tenant of his in the year 1885, and, under the terms of the lease, was authorized to turn his horse into witness's pasture with witness's horses, about twelve in number. On the fifth day of January, 1885, a sorrel horse belonging to witness chased the horse of the defendant over the pasture, biting him the while. Defendant, observing this, stepped into his house, got his gun, and shot witness's horse through the right shoulder, disabling him as a work horse for a month at least. This all occurred in Hill county, Texas.

Mr. Boone, Henry Rayburn, and J. E. Southard testified, for the State, substantially as did Keltz, Mr. Southard stating, in addition, that Keltz's horse was a bad fighting animal.

W. H. Hunt testified, for the defense, that Keltz's horse, shot by the defendant, was a notoriously vicious, fighting animal, and defendant knew him well. On one occasion witness saw Keltz's horse run another horse over a wire fence.

W. E. Farmer, defendant's brother, testified in his behalf, that he witnessed the shooting of Keltz's horse by the defendant.

Keltz's horse chased defendant's horse in to a corner, and threw him down.  Defendant's horse managed to get up, when Keltz's horse took after him again, and was running him near a wire fence, when the defendant shot the Keltz horse with rabbit shot, and laid him up for about a month.

Mrs. C. C. Farmer, defendant's mother, testified, in his behalf, that she saw Keltz's horse chasing her son's horse in the pasture. He pursued defendant's horse so violently towards the house, that witness thought he would kill the defendant's horse, and, not wishing to see it, she stepped into the house, and soon heard the gun fire.

The motion for new trial raised the questions discussed in the opinion.

*B. D. Tarleton,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   It clearly appears from the evidence that, at the time defendant shot the horse, said horse was violently attacking and endangering defendant's horse.   The appearances indicated that, unless prevented in some way, defendant's horse would be either killed or seriously injured by the attacking horse.   To prevent such a result, the defendant shot and wounded the attacking horse.

It is well settled law that if an animal be killed or injured by a person, in the necessary protection of such person's property, after he had ineffectually used ordinary care to otherwise protect such property, such killing or injury will not be deemed either wilful or wanton, within the meaning of the Penal Code. (Thomas v. The State, 14 Texas Ct. App., 200; Lane v. The State, 16 Texas Ct. App., 172.)

In this case, the charge is, that the defendant wilfully shot and wounded the horse.   To warrant his conviction, the evidence must show, not only that he shot and wounded the horse, but that in doing so, he was actuated by evil intent, or legal malice, or without reasonable ground for believing the act to be lawful.   We think the evidence fails to show that the act was wilfully committed.

There are several supposed errors complained of in the charge of the court, which we shall not take time to discuss.   We will merely say in relation to the charge of the court that, in our

opinion, it does not fairly and correctly present the law applicable to the evidence. It is too restricted in the definition of the term "wilful," and it erroneously makes the guilt or innocence of the defendant depend upon whether or not he used greater force than was necessary in the protection of his property. This issue was not in the case, except in so far as it might be considered by the jury in determining the real issue, which was, did the defendant commit the act wilfully? It was for the jury to say, from all the evidence, not whether the defendant used more force than was necessary, but did he use the force *wilfully*, within the meaning of that term as used in defining the offense with which he was charged. We are further of the opinion that the special charge requested by the defendant, to the effect that if it reasonably appeared to the defendant that his horse was in danger of serious injury, and he inflicted the wound upon the attacking horse to protect his own horse from the threatened injury, defendant should be acquitted, should, under the facts in this case, have been given.

For the reasons we have stated, we hold the conviction in this case to be wrong, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*